UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERCIA,                    Case No. 15-cr-158-pp

                    Plaintiff,

v.

STEVEN JIMMERSON,

                    Defendant.

**ORDER CONSTRUING DEFENDANT'S LETTER AS A MOTION UNDER 28
U.S.C. §2255 (DKT. NO. 61), AND DIRECTING THE CLERK'S OFFICE TO
DOCKET IT AS SUCH**

On October 24, 2016, the court entered the criminal judgment against

the defendant, sentencing him to a term of one hundred sixty-eight months

(168) in custody. Dkt. No. 42.

Since that time, the court has received a letter from the defendant, dkt.

no. 46; a request for copies of some of the documents from his case, dkt. no.

56; a letter from the defendant, dkt. no. 57; another request for copies, dkt. no.

58; a letter from the defendant's mother, dkt. no. 59; and a motion asking the

court to extend the deadline for the defendant to file a motion under 28 U.S.C.

§2255, dkt. no. 61.

For the defendant's information, the court shares the following. As the

defendant might imagine, the court has hundreds of cases, and thousands of

documents are filed in those cases. The way the court finds out that there is

something it needs to act on is that the court's electronic filing system

generates a "motions report." If a person files a motion, asking the court to do something, that motion shows up on the report, and the court adds that motion to the list of things it needs to rule on. *Letters* to the court don't always show up on the motions report. If the defendant wants the court to take some action, he should file a document entitled "Motion," and then explain what it is he'd like the court to do. Otherwise, the clerk's office—folks who, while very experienced, aren't attorneys—tries to figure whether the letter writer is asking the court to take some kind of action, and what that action might be. If the clerk's office can't figure out whether the defendant is asking for something, or what he's asking for, then the clerk's office will docket the item as a letter, and the court may not see it.

In this case, the clerk's office read the defendant's most recent letter, and interpreted it as a motion for an extension of time. That motion showed up on the motions report. The court saw it, and then saw some other letters he'd filed. The court notes this just so that the defendant is aware of what brought this most recent letter to the court's attention.

As to the defendant's two requests for copies: First, there is a cost for copies. One can find those costs on the court web site, www.wied.uscourts.gov/district-court-fee-schedule. The cost for getting a copy of the docket is ten cents ($0.10) per page. The cost for getting paper copies made from original documents is fifty cents ($0.50) per page. In the defendant's first recent request for copies (dkt. no. 56), he asked for a copy of the docket sheet (the court is not sure how many pages that would be), his plea agreement

(22 pages), his judgment and commitment order (6 pages) and "sentencing transcripts."

There are no transcripts of the defendant's sentencing hearing. The court makes audio recordings of all hearings; if someone wants the audio recording transcribed, that person must contact the clerk's office and ask for a transcript to be prepared, or order a CD containing the audio recording.

In this case, the minutes of the sentencing hearing were (and remain) sealed, by order of the court. This means that no one can order the CD, or order a transcript, without the court's permission. The judgment also is sealed by court order. The clerk's office cannot provide copies of sealed documents. If the defendant needs these items, he must request them from his attorney.

The court next turns to the letter it received from the defendant on April 10, 2017. Dkt. No. 57. In this letter, the defendant expresses concern with his lawyer's representation of him, as well as other things. If the defendant is concerned about his lawyer's actions (or lack of action), the defendant first should try to communicate with his lawyer. If that is not successful, the defendant may consider making a complaint to the Office of Lawyer Regulation (an arm of the State Bar), or filing a pleading arguing that he received ineffective assistance of counsel. Those are the proper procedures for dealing with concerns the defendant might have about his attorney. Under the circumstances of this case, it is not appropriate for the court to respond to the other issues the defendant raised in this letter.

The court now turns to the letter it received from the defendant's mother, dated May 24, 2017 (the court received it on May 31, 2017). Dkt. No. 59. The court received and reviewed that letter, in which the defendant's mother expressed concern that he had been in segregation for an incident involving one of the guards at his facility, and that he was at risk as a result. The court's staff responded to the defendant's mother that if she wanted the court to take some action, she should file a motion. The court notes further that if the defendant feels that his safety is at risk in prison, he should immediately report his concerns to prison staff—they are on-site, and are in a position to respond to safety threats.

Finally, the court addresses the defendant's most recent letter asking for an extension to file a motion under 28 U.S.C. §2255. Dkt. No. 61. The defendant indicates that his facility has been on lock-down status on and off, and that his counselor was off work for an extended period because of Hurricane Harvey (the defendant is housed at USP Beaumont in Beaumont, Texas).

Section 2255 requires that a person who wants to file a motion to vacate, set aside or correct a federal sentence must file that motion within one year of the date the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1). This deadline is what is known as a "statute of limitations"—it is not a rule, but a law, passed by Congress. The court, therefore, does not have the authority to extend that statutory deadline.

What the court can do is treat the defendant's letter as a §2255 motion, and require the clerk's office to docket it. Once the clerk's office dockets the letter, the court will send out a briefing schedule, giving the parties deadlines for filing briefs. If the defendant needs more time than the court gives him to file a brief, he can file a motion, asking the court for more time.

The court **CONSTRUES** the defendant's letter as a motion to vacate, correct or set aside sentence under 28 U.S.C. §2255. Dkt. No. 61. The court **DIRECTS** the clerk's office to docket that letter as a §2255 motion. Once the clerk's office opens up the §2255 case, the court will issue a scheduling order.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**