UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,

  v.
                                          Case No. 15-cr-158-pp

STEVEN JIMMERSON,

        Defendant.

─────────────────────────────────────────────────────────────

## ORDER CLARIFYING JUDGMENT
─────────────────────────────────────────────────────────────

On October 17, 2016, the court sentenced the defendant. Dkt. Nos. 41, 42. The sentence included an order that the defendant pay a special assessment of $600, and restitution (joint and several with his co-defendant) of $10,467. Dkt. No. 42 at 5.

On page 6 of the judgment, the court ordered that the defendant had to pay these financial obligations "in equal monthly installments of not less than $50.00, until paid in full, to commence 30 days after release from imprisonment to a term of supervision . . . ." Id. at 6. To the court, that language clearly indicates that the defendant is *not* obligated to start making special assessment or restitution payments until thirty days after he is released from custody to supervision. The court did not intend the defendant to begin making either the special assessment payments or the restitution payments while he was in custody.

The defendant has filed a motion, asking the court to "defer" payment of the special assessment and restitution "until the defendant is released from prison and able to obtain employment and meet his debts and obligations." Dkt. No. 74. The defendant explains that he must pay $186.93 per month in child support. Id. He says that his only source of income is his sixty-year-old mother, who sends money when she can; he can't work due to medical issues. Id. He says that when he "can't make the request payments by F.B.O.P. [Federal Bureau of Prisons] staff he is punished by restricted commissary limits, as well as his points and custody level rising for failure to pay the obligations." Id.

The defendant does not say so directly, but it sounds as if he is saying that the Bureau of Prisons is taking money out of his account *now*, while he is still serving his sentence, to pay toward the $600 special assessment and the $10,467 in restitution. If the BOP has been requiring the defendant to pay toward the special assessment or restitution while he has been in custody, it should not have been doing so. The court specifically marked the box—Box D—on the judgment form stating that the defendant should start paying the special assessment and the restitution thirty days *after* he is released from custody to supervision, and then at a rate of $50 per month. The court does not know why that would not be clear from the judgment.

The court chose Box D, which does not require the defendant to start making payments against *any* of his financial obligations until thirty days after he is released from custody to supervision, for a reason. Because the defendant

2

was convicted on six counts, his special assessment is significant—$600—and he is jointly responsible for a large amount of restitution. Given the defendant's medical issues, and his limited financial circumstances before he was taken into custody, the court elected to allow the defendant to defer making payments against his financial obligations—both the special assessment and the restitution—until after his release from incarceration.

Under the Inmate Financial Responsibility Program, inmates are supposed to work with prison staff at the time of intake to develop financial plans. If a defendant wants to start paying financial obligations sooner than the judgment requires, the court suspects that the BOP would allow him to do so. The court speculates that it is possible that there is a misunderstanding on the defendant's part—perhaps he *chose* to start paying his obligations early when he had his initial financial plan development meeting with institution staff, not realizing that the court had not ordered him to start paying while in custody.

But the defendant's motion makes it sound as if the BOP has interpreted the judgment to require the defendant to pay while he is in custody; if so, it has incorrectly interpreted the judgment, and the court's intentions. The court does not know how it could have made its intentions more clear, but it will do so in this order. The court did not intend, and the judgment does not require, the defendant to make the payments against the $600 special assessment or restitution while he is in custody. The court intended, and the judgment requires, the defendant to begin paying the $600 special assessment and the restitution, thirty days *after* he is released from custody to supervision.

The court **ORDERS** that the defendant shall pay the special assessment and the restitution ***starting thirty days after he is released to supervision***.

Dated in Milwaukee, Wisconsin this 31st day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**